UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

UNITED STATES OF AMERICA )
) No. 08 CR 5 0 0 2 5
v. )
)  Violations: Title 18, United States Code,
JAMES E. PERSFULL ) Sections 152(1) and 1503.

## COUNT ONE

**FILED**

The FEBRUARY 2008 GRAND JURY charges:

MAY 20 2008

1. At times material to this indictment:

MAGISTRATE JUDGE P. MICHAEL MAHONEY
United States District Court

    a. Chapter 7 of the United States Bankruptcy Code (Title 11 of the United States Code) provided persons (debtors) with an opportunity to obtain a fresh financial start through the elimination of their debts by paying the debtor's creditors a pro rata share of the debtor's property.

    b. To start a Chapter 7 bankruptcy, the Bankruptcy Code required that a debtor file a petition with the Bankruptcy Court that had been signed by the debtor under penalty of perjury. The debtor was also required to sign under penalty of perjury and file supporting schedules and a statement of financial affairs disclosing, among other things, all legal and equitable interests of the debtor in property.

    c. Upon the filing of a chapter 7 bankruptcy petition, a Bankruptcy Trustee was appointed to administer the bankruptcy case. The trustee's duties included liquidating

the debtor's property, if any, and distributing a pro rata share of the proceeds from the property to the debtor's creditors.

   d. On March 14, 2003, defendant JAMES E. PERSFULL filed a Chapter 7 bankruptcy petition, in the United States Bankruptcy Court for the Northern District of Illinois, Western Division (*In Re James E. Persfull*, case number 03 B 71378).

   e. In a Chapter 7 bankruptcy case, if within one hundred eighty days after the filing of the bankruptcy petition, the debtor acquired or became entitled to any inheritance, bequest, devise, or proceeds from a life insurance policy or death benefit plan, any such property interests became part of the debtor's bankruptcy estate and the debtor was required to file an amendment to his schedules to include the property.

  2. On April 21, 2003, during a creditors meeting at which the defendant was present, the defendant's attorney revealed that the defendant's mother was very ill. The defendant was advised by the Bankruptcy Trustee that he was required to notify the Bankruptcy Trustee if he received any notice within six months that he had become entitled to receive an inheritance. The defendant, who was under oath at the time, acknowledged his understanding of his obligation to notify the Bankruptcy Trustee.

  3. Two days later, on April 23, 2003, the defendant's mother, Eileen Persfull, died. Her Last Will and Testament left all of her property in equal shares to the defendant and his brother. At the time of her death, she had a life insurance policy issued by

Metropolitan Life Insurance Company that named the defendant and his brother as equal beneficiaries.

4. On and after April 24, 2003, at Rockford, in the Northern District of Illinois, Western Division, and elsewhere,

JAMES E. PERSFULL,

defendant herein, knowingly and fraudulently concealed property belonging to the bankruptcy estate of the defendant from the bankruptcy trustee, his creditors, and the United States Trustee in connection with a case under Title 11, United States Code, namely, *In Re James E. Persfull*, case number 03 B 71378, in the United States Bankruptcy Court, Northern District of Illinois, Western Division, specifically, his interest and entitlement to any inheritance, bequest, devise, life insurance proceeds, and death benefit proceeds that resulted from the death of Eileen Persfull;

In violation of Title 18, United States Code, Section 152(1).

## COUNT TWO

The FEBRUARY 2008 GRAND JURY further charges:

1. Paragraph 1, 2, and 3 of Count One of this Indictment are re-alleged and incorporated herein as if fully set forth.

2. On and after April 24, 2003, at Rockford, in the Northern District of Illinois, Western Division, and elsewhere,

JAMES E. PERSFULL,

defendant herein, did corruptly endeavor to impede an officer of the Court, namely the bankruptcy trustee, in the discharge of his duties in connection with *In Re James E. Persfull*, case number 03 B 71378, in the United States Bankruptcy Court, Northern District of Illinois, Western Division, and to corruptly influence, obstruct and impede, and endeavor to influence, obstruct and impede the due administration of justice in the same case, in that:

    a. he withheld and concealed information from the Bankruptcy Trustee, including information that his mother had died, that she had a will, that he had become entitled to a property interest in her estate, and that he had become entitled to the proceeds of her Metropolitan life insurance policy, well knowing that he had an obligation to notify the Bankruptcy Trustee of these material facts;

    b. he failed to amend his bankruptcy schedules to include his entitlement to an interest in his mother's estate and in life insurance proceeds;

      c.      he withheld and concealed his "Disclaimer of Inheritance" and his execution of that document;

      d.      he withheld and concealed his "Declination of Office" and his execution of that document; and

      e.      he received and retained proceeds from the Metropolitan life insurance policy on his mother's life;

In violation of Title 18, United States Code, Section 1503.

## COUNT THREE

The FEBRUARY 2008 GRAND JURY further charges:

1. At times material to this indictment:

    a. Subparagraphs (a) through (d) of Paragraph 1 of Count One of this Indictment are re-alleged and incorporated herein as if fully set forth.

2. On and after March 14, 2003, at Rockford, in the Northern District of Illinois, Western Division, and elsewhere,

### JAMES E. PERSFULL,

defendant herein, knowingly and fraudulently concealed property belonging to the bankruptcy estate of the defendant from the bankruptcy trustee, creditors, and the United States Trustee in connection with a case under Title 11, United States Code, namely, *In Re James E. Persfull*, case number 03 B 71378, in the United States Bankruptcy Court, Northern District of Illinois, Western Division, specifically, his interest in E*Trade account number 4**6-3**9, an account that was in his brother's name and contained approximately $5000;

In violation of Title 18, United States Code, Section 152(1).

## COUNT FOUR

The FEBRUARY 2008 GRAND JURY further charges:

1. At times material to this indictment:

   a. Subparagraphs (a) through (d) of Paragraph 1 of Count One of this Indictment are re-alleged and incorporated herein as if fully set forth.

2. On and after March 14, 2003, at Rockford, in the Northern District of Illinois, Western Division, and elsewhere,

JAMES E. PERSFULL,

defendant herein, knowingly and fraudulently concealed property belonging to the bankruptcy estate of the defendant from the bankruptcy trustee, creditors, and the United States Trustee in connection with a case under Title 11, United States Code, namely, *In Re James E. Persfull*, case number 03 B 71378, in the United States Bankruptcy Court, Northern District of Illinois, Western Division, specifically, his interest in his electrical business known as Lazer Electric;

In violation of Title 18, United States Code, Section 152(1).

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY

No.: 08CR50025

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

UNITED STATES OF AMERICA

vs.

JAMES E. PERSFULL

**INDICTMENT**

Violation(s): Title 18, United States Code, Sections 152(1) and 1503

FILED
MAY 20 2008
MAGISTRATE JUDGE P. MICHAEL MAHONEY
United States District Court

A true bill,

_____
Foreman

Filed in open court this _____ day of May, A.D. 2008

_____
Clerk

Bail: $ _____